**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4412**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES HODGE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-04-284)

Submitted: May 19, 2006      Decided: June 16, 2006

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant. Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Hodge appeals from his twenty-seven month sentence imposed following his guilty plea to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2000). Hodge's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but raising the following issues: whether the magistrate judge erred by accepting Hodge's guilty plea; and whether the district court correctly applied the sentencing guidelines. Hodge was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm.

The magistrate judge conducted a thorough hearing pursuant to Fed. R. Crim. P. 11.[*] Hodge was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The magistrate judge also determined that there was an independent factual basis for the plea, and that the plea was not coerced or influenced by any promises. Hodge did not move to withdraw his guilty plea. On this record, we conclude that Hodge's guilty plea was knowing and voluntary.

We also find that the district court properly computed Hodge's offense level and criminal history category and correctly

---

[*]Hodge consented to having the magistrate judge conduct the plea hearing. See United States v. Osborne, 345 F.3d 281, 288 (4th Cir. 2003).

- 2 -

determined the advisory guidelines range.  The court considered the sentencing factors as set forth in 18 U.S.C. § 3553(a) (2000).  The court applied the guidelines as advisory in light of United States v. Booker, 543 U.S. 220 (2005), and sentenced Hodge at the bottom end of the guidelines range.  We find the sentence was reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable").

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm Hodge's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -